IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 19, 2008 Session

## AUDREY L. LINKOUS, ET AL. v. HAWKINS COUNTY, TENNESSEE, ET AL.

**Appeal from the Circuit Court for Hawkins County**
**No. 05CV00462     Tom Wright, Judge**

**No. E2007-01054-COA-R3-CV - FILED MAY 14, 2008**

SHARON G. LEE, J., concurring in part and dissenting in part.

I concur in the majority's conclusion that the trial court did not abuse its discretion in denying Ms. Linkous's Rule 59.04 motion to alter or amend the judgment. I respectfully dissent from the conclusion that summary judgment was correctly granted in this case because I believe Ms. Linkous has raised genuine issues of material fact regarding whether her husband's suicide was foreseeable under the circumstances, and whether the Defendants' conduct was reasonable.

In my view, the essential question presented here is not whether the Defendants should have recognized that Mr. Linkous was particularly prone to suicide and therefore, should have taken additional steps to place him on suicide watch, but whether it was reasonably foreseeable that a person so intoxicated that he was unable to sign the jail intake form might try to harm himself with an immediately available instrumentality supplied by the Defendant (a heavy-duty metal phone cable) with which he could easily and effectively hang himself. The testimony of several of the Defendants establishes that it was Hawkins County's policy to remove the shoes and belt of inmates before locking them up. The reason consistently given by the Defendants for this policy is to prevent inmates from harming themselves. Therefore, taking all the facts and the inferences reasonably supporting them in favor of Ms. Linkous, I believe she has established a jury question as to whether it was foreseeable that Mr. Linkous would hang himself with the readily available phone cord. "Foreseeability is a question of fact for the determination of the jury." *City of Elizabethton v. Sluder*, 534 S.W.2d 115, 117 (Tenn. 1976).

The Court of Appeals noted in *Cockrum v. State* that "[p]rison officials have a duty to exercise ordinary and reasonable care for the protection of the persons in their custody." *Cockrum v. State,* 843 S.W.2d 433, 436 (Tenn. Ct. App. 1992). *Cockrum* was not a summary judgment case, nor did it involve a situation where the defendant provided the means of suicide to the inmate as the

Defendants did here. I do not believe the law as stated in **Cockrum** requires the conclusion that Ms. Linkous's case cannot withstand a motion for summary judgment because she failed to present expert testimony at this stage of the proceedings. I do believe that a jury question has been presented regarding whether the Defendants exercised reasonable care for Mr. Linkous's protection by incarcerating him in a visitation room containing the metal phone cord, knowing that he was in a highly intoxicated state.

Viewing the facts and reasonable inferences in the light most favorable to Ms. Linkous, I believe summary judgment was incorrectly granted and that she should be afforded the opportunity to have the genuinely disputed issues of material fact described above decided by a jury. Therefore, I would vacate the trial court's summary judgment and remand the case for trial.

_____
SHARON G. LEE, JUDGE